PHILIP ROSENBERG & another *vs.* MARY A. HEFFERNAN
& others.

Suffolk.    December 2, 1907. — January 2, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, Performance and breach.   *Equity Pleading and Practice*, Master's report, Appeal.

The owner of real estate agreed in writing to convey it to one who paid to him $100 at the time of the making of the agreement.   One clause of the agreement was as follows:  " $350 is to be held by the purchaser to secure right of way . . . from H. . . . If said right cannot be secured for said sum the . . . [owner] . . . shall return said $100."   The owner conveyed the real estate to another person, who purchased it *bona fide*, and the person to whom he had agreed to convey brought a bill in equity for specific performance of the agreement. After a hearing thereon before a judge of the Superior Court, a decree was made by him, finding that the defendant had refused to perform his agreement and that the plaintiff had been damaged thereby, but refusing specific performance and referring the case to a master to assess damages.   From this decree the defendant appealed.   There was no report of the evidence.   The master in his report, which was filed after a hearing before him on the question of damages only and contained no report of evidence, found among other facts that the plaintiff ascertained that the right of way could not be purchased from H. for $350 but could be purchased for $500,  " Whereupon," the parties " agreed that whatever the plaintiff should be called upon to pay for the right of way should not be charged against the defendant at more than the $350 reserved by the terms of the agreement "; and he therefore deducted $150 from the gross damage suffered by the plaintiff.   The defendant filed exceptions to the master's report.   A final decree was entered overruling the exceptions, confirming the report, and awarding the plaintiff damages, and the defendant appealed, and contended that the finding of the master that the right of way could not be purchased for $350 excused him, under the clause quoted above, from performance of his agreement to convey the real estate to the plaintiff.   *Held*, that the other finding of the master as to the later agreement rendered it unnecessary to consider the defendant's contention, even if the question properly was raised upon the record.

From the record before this court on an appeal from a decree for the plaintiff in a suit for specific performance of an agreement in writing for the conveyance of real estate, it appeared that a clause in the agreement was, " If the . . . [defendant] . . . shall be unable to give title as above stipulated, any payments made under this agreement shall be refunded, and all obligations by either party hereto shall cease."   The judge presiding at the hearing of the suit made a decree which denied specific performance on the ground that the defendant had conveyed to a *bona fide* purchaser, but found that the defendant had refused to perform the agreement and referred the case to a master for assessment of damages.   He also found that, at the time when conveyance to the plaintiff was called for, there were incumbrances of record upon the property.   No evidence was reported.

The defendant contended that, under the clause quoted, he was excused from conveyance. *Held,* that, the evidence not being reported and it not appearing that the incumbrances were valid, the finding for the plaintiff would not be revised.

Where a suit for specific performance of an agreement in writing for the conveyance of real estate is referred to a master for an assessment of damages after a hearing by a trial judge who found that the defendant had broken the agreement, the master is not authorized to report any finding of fact or ruling of law as to whether there was a breach of the agreement.

BILL IN EQUITY for specific performance of an agreement in writing to convey real estate, filed in the Superior Court for the county of Suffolk, August 12, 1903.

The history of the case is stated in the opinion. *Fessenden,* J., who presided at the various hearings, stated, as the ground for refusing specific performance of the agreement, that the defendants had conveyed to a *bona fide* purchaser. The finding of the master, referred to in the third paragraph of the opinion, was made under the following circumstances : He had found that the difference between the market value of the property at the time when the defendants should have conveyed and the sum which the plaintiffs had agreed to pay for it was $1,000, " so that there is an apparent damage to the plaintiffs . . . of $1,000 ; but," he added, " from this there is to be deducted $150," and, continuing with an explanation of why such sum should be deducted, he stated that, " under the terms of the agreement" sued on, " the plaintiffs were to hold $350 of the purchase money ' to secure a right of way and certain other privileges from Michael Heffernan.' The plaintiffs ascertained that this ' right of way and certain other privileges ' referred to could not be purchased for $350, whereupon they agreed and it was understood between the plaintiffs and the defendants Heffernan that whatever the plaintiffs should be called upon to pay for this right of way and other privileges should not be charged against the Heffernans at more than the $350 reserved by the terms of the agreement, and I find that they could not purchase the said ' right of way and certain other privileges ' for $350 but could purchase the same for $500, an increased expense of $150, and it is conceded by the plaintiffs, and I find, that there should be deducted from the $1,000 above found as damages, this sum of $150, leaving the actual damage to the complainants $850 ; and I find that the plaintiffs are entitled to recover of the defendants the sum of

$850 as damages, and the further sum of $100, the amount deposited by them with the defendants at the time of the signing of said agreement."

*E. J. Doherty*, for the defendants.

*M. Fischacher*, for the plaintiffs.

Morton, J. This is a bill in equity to enforce the specific performance of a written agreement entered into between the plaintiffs and the defendants, Mary A., and her husband William G. Heffernan, for the sale and purchase of certain real estate belonging to the said Mary situated in Cambridge. The premises were subject to a mortgage in favor of one Celia Green and, subsequent to the written agreement aforesaid, were conveyed by said William and Mary to one Louis Levy. The said Green and Levy were made parties to this suit, and the bill contained allegations of fraud and conspiracy against all of the defendants. There was a hearing, and a decree was entered dismissing the bill as to said Green and Levy and denying specific performance, but finding that the Heffernans had refused to perform their agreement and that the plaintiffs had been damaged thereby, and retaining the bill for the assessment of damages. The Heffernans appealed. There is no report of the evidence on which this decree was based. The case was sent to a master to assess the damages. He made a report assessing damages in favor of the plaintiffs in the sum of $950. Exceptions to the report were filed by the said William and Mary, which were overruled, and the master's report was confirmed and a final decree was entered in favor of the plaintiffs against the defendants, William and Mary, for the sum of $950 damages, with interest. The defendants Heffernan appealed from this decree and from the order confirming the master's report. There is no report of the evidence on this branch of the case. The presiding justice at the request of the defendants, Heffernan, whom we shall speak of hereafter as the defendants, made certain findings of fact in addition to those recited in the first decree. The findings thus made, and the master's report in regard to the assessment of damages and the exceptions thereto, and the pleadings are all that is before us.

The defendants do not contend that the bill was not properly retained for the assessment of damages if it appeared that they

had committed a breach of the agreement and were unable to specifically perform it.

The agreement contained amongst other provisions the following: " Three hundred and fifty dollars is to be held by the purchasers to secure right of way and other privileges from Michael Heffernan of said Cambridge but if said rights are secured for less than said sum, the balance is to be paid to said Mary A. Heffernan, if said rights cannot be secured for said sum the party of the first part shall return said $100," meaning the $100 which the agreement recites was paid by the plaintiffs as a part of the purchase price on the day on which the agreement was entered into. The master found that " the right of way and other privileges " referred to could not be purchased for $350 but could be purchased for $500. And one contention of the defendants is that, according to the true construction of the provision quoted above, the effect of the master's finding was to relieve them from any further obligation to convey, their contention being that, according to the true construction of the written agreement, if the right of way and other privileges could not be secured for the sum named, then the $100 was to be returned and the agreement was to be at an end and there was no liability for damages on their part. But the master also found that the parties "agreed and it was understood between the plaintiffs and the defendants Heffernan that whatever plaintiffs should be called upon to pay for this right of way and other privileges should not be charged against the Heffernans at more than the three hundred and fifty dollars ($350) reserved by the terms of the agreement." That is, as we construe the master's finding, he found, not as a matter relating to the construction of the written agreement, but independently of the written agreement, that, after the written agreement was entered into, it was agreed and understood between the plaintiffs and the defendants, in substance, that the defendants would pay $350 to secure the right of way and other privileges, but that, if more had to be paid, it was to be and would be paid by the plaintiffs. The reference to " the three hundred and fifty dollars reserved by the terms of the agreement " shows, we think, that the understanding and agreement found by the master was a later one. In view of the finding thus made by the master, it is enough, we think, to

say of the defendants' contention that the question as to the true construction of the written agreement, if open to the defendants, as it may be on appeal, is immaterial ; — the written agreement being superseded in this particular by the later agreement. In addition to this, the question is not raised by the exceptions to the master's report as is later more particularly pointed out.

The agreement also provided that, "If the party of the first part (the defendants) shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party hereto shall cease, but the acceptance of a deed and possession by the party of the second part shall be deemed a full performance and discharge hereof." The defendants contend in substance that there were incumbrances upon the property at the time when the bill was brought, consisting of certain attachments placed upon it and a bill in equity brought by one Michael J. Heffernan which rendered them unable to give a title such as was contemplated by the agreement, and that therefore, by the very terms of the agreement, they had committed no breach of it and were not liable in damages.

There are several difficulties with this contention. In the first place, assuming that the defendant's construction of the agreement is right, and that they were not bound to convey unless they could give a clear title subject to the mortgage, the evidence is not before us, and we cannot say, therefore, whether the title was or was not clear, or whether, for instance, the attachments and the bill in equity may not have been fraudulent and collusive. In the next place, it is apparent from his findings of fact and the decree which he entered that the presiding justice did not regard the attachments and the bill in equity as constituting incumbrances on the property, and, as already observed, we have not the evidence before us so that we can review his conclusions. Lastly, none of the exceptions raise the questions which the defendants now seek to raise as to the construction of the agreement and the effect of the incumbrances, if any there were, although, as already observed, they may be open to them on their appeal. The first exception is " to the master's finding that it was not within his province to report any finding of fact or ruling of law as to whether or not there was any breach of the

agreement." The master's finding was clearly right, as the case was sent to him only for the assessment of damages, the court having previously found that there was a breach of the agreement by the defendants. The second exception is to the amount of damages found, the third to his finding as to the market value of the property and the fourth to his finding that the right of way could be purchased for $500. None of these raise in an intelligible form any question as to the construction of the written agreement, and they were all rightly overruled.

The result is that the decree must be affirmed.

*Decree affirmed.*